**NORTH CAROLINA STATE BOARD OF ELECTIONS, Plaintiff,**

**Ashley Stephenson, Leo Daughtrey, Patrick Ballantine, Art Pope, and Bill Cobey, Plaintiff–Intervenors**

v.

**UNITED STATES and John Ashcroft, as Attorney General of the United States, Defendants,**

**Marc Basnight and James Black, Defendant–Intervenors and Counterclaimants,**

**Linda SAMPLE, Defendant–Intervenors.**

**No. CIV.A.021174LFODSTGK.**

United States District Court, District of Columbia.

June 27, 2002.

---

Douglas W. Baruch, Fried, Frank, Harris, Shriver & Jacobson, Washington, DC, Michael Crowell, Tharrington, Smith & Hargrove, Raleigh, NC, for Plaintiff.

Joseph D. Rich, U.S. Department of Justice Civil Division, Washington, DC, Thomas Christian Herren, Jr., Department of Justice Voting Section/Civil Rights Division, Washington, DC, for Defendants.

D. James Greiner, Jenner & Block, Michael Carvin, Jones, Day, Reavis & Pogue, Washington, DC, for Movants.

Before TATEL, Circuit Judge, and OBERDORFER and KESSLER, District Judges.

## ORDER

PER CURIAM.

Before us for decision is the Counterclaimants' Emergency Motion for Injunctive Relief. The record presently does not persuade us that there is a "substantial likelihood," *CityFed Fin. Corp. v. Office of Thrift Supervision,* 58 F.3d 738, 746 (D.C.Cir.1995), that the Plaintiff, the North Carolina State Board of Elections ("the Board"), would implement the state court's interim redistricting plan unless and until it is precleared by either the Department of Justice or by this Court. Accordingly, the Counterclaimants are not presently threatened by irreparable injury.

In the present circumstances, it is unnecessary for us to determine whether we have jurisdiction at this time with respect to the precleared General Assembly's 2001 plan. The Counterclaimants have an adequate remedy before two three-judge panels convened in the United States District Court for the Eastern District of North Carolina, where two parallel cases are pending. *See Sample v. Jenkins,* No. 02–CV–383 (E.D.N.C. filed June 13, 2002); *Foreman v. Bartlett,* No. 01–CV–166 (E.D.N.C. filed Nov. 13, 2001). The Counterclaimants and individual members of the Board are already parties in both of those actions.

Finally, the Department of Justice, a defendant here, represents that it expects to complete its consideration of the state court's interim plan by the week of July 8, 2002. In reliance on this representation, we conclude that, assuming (without deciding) that the elimination of primary runoffs during the 2002 election cycle would be retrogressive, and further assuming that, although there might not be time for a runoff if the Board followed its traditional election schedule, the Eastern District of North Carolina is the forum with unambiguous authority to order the Board to adjust the primary election schedule to include a runoff.

Accordingly, after consideration of the comprehensive submissions of the parties and the extensive oral arguments, and for reasons to be more fully stated in a memo-

randum to be filed, the Counterclaimants' Emergency Motion for Injunctive Relief is denied, without prejudice.

It is so ORDERED.